IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ARNOLD EMMITT QUARLES III )
)
v. ) NO. 3-13-0881
) JUDGE CAMPBELL
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand (Docket No. 9). For the reasons stated herein, Plaintiff's Motion to Remand is DENIED.

FACTS

This is an action for wrongful foreclosure. Plaintiff alleges that, on May 9, 2013, Defendant Bank of America illegally foreclosed on Plaintiff's property in Rutherford County, Tennessee. Plaintiff further contends that, on June 3, 2013, Defendant Fannie Mae filed an unlawful Detainer Action (General Sessions Case No. 221381) against Plaintiff in the General Sessions Court of Rutherford County. Plaintiff asserts that, after he was served with the Detainer Action, on July 11, 2013, he filed a new lawsuit (Circuit Court Case No. 6-6717) for wrongful foreclosure in Rutherford County Circuit Court, naming all Defendants herein. Plaintiff also moved to remove the Detainer Action from Rutherford County General Sessions Court to the Rutherford County Circuit Court so that Fannie Mae's action could be a part of Plaintiff's wrongful foreclosure case, but the General Sessions Judge denied that Motion.

Plaintiff claims that the General Sessions Court ruled in Fannie Mae's favor on the Detainer Action and granted possession to Fannie Mae. Plaintiff also asserts that the General Sessions Judge told Plaintiff to appeal the case so that he could join it with his Circuit Court case. Plaintiff appealed

the General Sessions Order to Circuit Court on July 29, 2013, and the case was docketed as Circuit Court Case No. 6-6780. The Court can find no evidence that the Case No. 6-6780 appeal was consolidated with this action.

On August 30, 2013, Defendants removed the Circuit Court action to this Court on the basis of diversity jurisdiction. Plaintiff filed an Answer and Counterclaim in the Case No. 6-6780 state court appeal on September 12, 2013, after this case was removed. Plaintiff's Counterclaim in that action is essentially the same as Plaintiff's Complaint in this case.

Plaintiff seeks to have the case returned to state court, arguing that the state court acquired jurisdiction first (when Fannie Mae filed the Detainer Action); that his Complaint is based solely on state law and Defendants have failed to state any independent basis for federal subject matter jurisdiction; that because Fannie Mae chose state court to bring its action, it cannot consent to removal herein; and that there could be inconsistent judgments if both the state court action and this action were to continue simultaneously.

## MOTION TO REMAND

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). This case was removed based upon diversity of citizenship of the parties and the amount in controversy being greater than $75,000, pursuant to 28 U.S.C. § 1332.

The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). At the time this case was removed, there was pending in state court an appeal from the General Sessions Detainer Action that involved two parties - Mr. Quarles and Fannie Mae. Although Plaintiff later filed an Answer

2

and Counterclaim adding all Defendants herein, that Counterclaim was not filed at the time this action was removed.

Plaintiff argues that the state court acquired jurisdiction first, but that jurisdiction was over only Plaintiff and Fannie Mae. Plaintiff contends that his Complaint is based solely on state law and Defendants have failed to state any independent basis for federal subject matter jurisdiction, but Defendants have removed this action based on diversity jurisdiction, not subject matter jurisdiction. Plaintiff claims that because Fannie Mae chose state court to bring its action, it cannot consent to removal herein, but Plaintiff cites no authority for this proposition.

Removal in this case was proper because, at the time of the removal, this action could have been brought here originally, based upon diversity jurisdiction. 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand (Docket No. 9) is DENIED. New deadlines for briefing on the pending Motion to Dismiss are included in the Order accompanying this Memorandum.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE